◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHAN HELFMAN, Appellant.— Appeal from judgments of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of violations of subdivision 3 of section 484 of the Penal Law, and subdivision 1 of

section 65 .of the Alcoholic Beverage Control Law (selling alcoholic beverages to minors), and from the sentences imposed. Judgments affirmed. No opinion. No separate appeal lies from the sentences, which have been reviewed on the appeals from the judgments of conviction. Nolan, P. J., Beldock, Murphy and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgments, to dismiss the informations, and to remit the fine, with the following memorandum: To hold appellant guilty under the relevant statutes the proof must establish beyond a reasonable doubt that he either dispensed or permitted another to dispense beer to minors within the age proscribed. There is no such proof in this record. The following facts are undisputed: (1) The alleged offense took place on a summer night, August 9, 1955, about 10 o'clock, at the premises known as the H & H Bar & Grill, located at 1524 Surf Avenue, in the Coney Island section of Brooklyn. A waiter, not the appellant, served beer to two female minors. The premises, without doors or other barriers to obstruct entry, open upon and are adjacent to the sidewalk on Surf Avenue. The premises consist of a combination bar and grill, restaurant and frankfurter stand (or, in the vernacular of the witnesses, a "hot dog" stand). The stand is in the front — in or upon the street or sidewalk, with the bar and tables and chairs for drinking and eating, to the side and rear. (2) At first the two minors sat "at the last table in the back" or "down in the back of the bar"; then they "moved up" to the first table. Appellant, wearing an apron, was "standing behind the hot dog stand, *half in the store and half out of the store.*" (Emphasis supplied.) The minors at either table were approximately 20 or 25 feet away from appellant. (3) It was a Tuesday night — the night which is celebrated in Coney Island by the display of fireworks. In addition, on this particular night the television program "$64,000 Question" was being broadcast. Due to these two special events and the time of the year the H & H Bar & Grill "was very crowded" and it "was a very busy night". The court may well also take judicial notice of the following indisputable matters of public knowledge: This combination bar-grill-restaurant-frankfurter stand, is located at or near the heart of the Coney Island summer resort amusement area, on Surf Avenue at 15th Street. It is on the main street of Coney Island, and is also near one of the largest depots and one of the busiest termini of the city's rapid transit system (the BMT Stillwell Avenue station, depot and terminal). The alleged offense occurred in the midst of the hot summer months, during the peak of the busy Coney Island amusement season and at a time when large, tumultuous masses of people with carnival spirit were moving to and fro. The number of people and the freedom of their spirit obviously were increased by such added attractions as the fireworks and the broadcast of the "$64,000 Question". While appellant may have been generally aware of the female minors' entrance and physical presence in the premises, the record is devoid of proof: (a) that he saw them drinking beer; or (b) that he saw them being served with beer; or (c) that from his distant position while engaged behind the frankfurter stand "half in the store and half out of the store", with the place so "very crowded", with hordes of people milling about both inside and outside, and with his back apparently toward all those inside, he could recognize either persons or beverages inside and know "who drank what", or distinguish any particular beverage and determine whether it was beer, "Pepsi-Cola", ginger ale, aqua pura or aqua vitae. In the light of all the undisputed and indisputable facts, namely: the physical layout and location of the premises; the crowd of people there assembled; the location, position and preoccupation of the appellant in relation to the crowds of people both inside and outside the premises; the carnival character of the area in which the premises are situated; their proximity to

the rapid transit terminal; the season and the time of the year, and the two special events which served to augment the normally large and tumultuous masses of people, it is clear that the proof in this record is insufficient to show that this appellant, within the purview of the statutes, "permitted" the dispensing of beer to these two female minors. He could not have done so without knowledge, either actual or constructive, that they were being served with *beer* by the waiter and not with some other innocuous beverage. Under all the circumstances here, to impute such knowledge to the appellant is to substitute conjectural and speculative inference for proof. When a fact so vital must rest on inference so tenuous and so vulnerable, it cannot be said that appellant's guilt has been established beyond a reasonable doubt.